Domenico De Robbio
vs.
Burrows & Kenyon, Inc.
}Ex. &c. No. 6791.

Morris Levine
vs.
Burrows & Kenyon, Inc.
}Ex. &c. No. 6792.

November 24, 1930.

(Before Walsh, J.)

These are two cases of trespass on the case for negligence. One is brought by Domenico De Robbio, the operator of an automobile truck, the other by Morris Levine, the owner of the truck. Both cases are against Burrows & Kenyon, Inc., to recover damages resulting from a collision between the Levine truck and a truck owned by defendant and operated by its servant.

The collision occurred in the late afternoon on December 14, 1925, at the intersection of Eddy street and Potters avenue in Providence.

The cases were tried together, jury trial being waived. The decision was for the defendant in each case. To said decision each plaintiff took an exception. The cases are here on bills of exceptions.

The only exception in each case is to the decision.

The evidence for plaintiffs is that DeRobbio with his employer, Levine, was riding on Levine's truck on Eddy Street as they approached the junction of Eddy Street and Potters Ave-

nue, De Robbio, the driver, gave a signal of his approach; that the truck had almost crossed the intersection of the two streets when defendant's truck came rapidly out of Potters Avenue and collided with the rear of Levine's truck. Defendant's evidence is that as its truck approached the intersection of the two streets a signal was sounded; that defendant's view was obstructed somewhat by a street lamp-post on the corner; as the truck reached the intersection and began to make the turn to the left toward Providence, Levine's truck, which was being driven at a rapid rate of speed, struck the front of the defendant's truck causing the damage for which plaintiffs now sue.

The trial justice in giving his decision said: "The probabilities are strongly in favor of the story of both of the defendant's witnesses. I can't believe that this plaintiff came down there as he says he did, with the car going at that speed and under control, and that this accident would happen the way he said it did. He hasn't convinced me that he approached that corner exercising the care and caution that the ordinary, reasonable and prudent person would exercise in approaching a blind corner, with an enormous building on his right almost up to the edge of the sidewalk on a much traveled highway in the City of Providence. I am rather inclined to believe that he came along there * * * with scant regard for the intersection of streets, maintaining his speed beyond what is reasonable and safe under the circumstances. That, coupled with the fact he didn't have any license to drive on the road and hadn't had one for over a year, creates a doubt in my mind as to whether he was in the exercise of due care on his part and free from contributory negligence. On the ground, therefore, that he has not shown that he himself was free from contributory negligence I am going to decide both these cases for the defendant."

The decision was based on the find-of fact of contributory negligence. The evidence supports this finding. The statement by the justice that De Robbio did not have a driver's license appears to be merely an incidental remark made in the summing up of the evidence. It appears in the transcript of testimony that Levine had a driver's license. This was sufficient authority for the lawful operation of the car by De Robbio and was so held by the trial court. The evidence supports the decision of the trial justice.

The exception of the plaintiff in each case is overruled and each case is remitted to the Superior Court with direction to enter judgment on the decision.

For plaintiff: George Helford.

For defendant: Quinn, Kernan & Quinn.